NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE GODINHO, | No.  14-72855 |
| Petitioner, | Agency No. A098-141-535 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

George Godinho, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen.  *Najmabadi v. Holder*, 597

F.3d 983, 986 (9th Cir. 2010).  We grant the petition for review and we remand.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In denying Godinho's motion to reopen as untimely and number barred, the BIA found that Godinho failed to show a material change in country conditions in India as to his religion claim. In his opening brief, Godinho does not challenge the denial of the motion to reopen on this basis. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

Godinho also sought reopening to apply for asylum, withholding of removal, and relief under the Convention Against Torture based on his political opinion. In denying the motion to reopen, the BIA abused its discretion by failing to make a determination as to Godinho's political opinion claim and by failing to consider his supporting evidence, including the country conditions evidence and Godinho's two declarations. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (the agency is "not free to ignore arguments raised by a petitioner"); *see also Salim v. Lynch*, 831 F.3d 1133, 1137-39 (9th Cir. 2016) (concluding the BIA abused its discretion by failing to consider evidence of changed country conditions in light of the new claim asserted in the motion to reopen); *Mejia v. Ashcroft*, 298 F.3d 873, 879-80 (9th Cir. 2002) (the agency abused its discretion by failing to consider a claim asserted in the motion to reopen). Further, the BIA abused its discretion in finding that Godinho did not adequately support his claim that a police inspector is still looking for him without addressing Godinho's declarations. *See Najmabadi,*

2                                                                                    14-72855

597 F.3d at 990 (the BIA "is required to accept as true the facts stated in [an applicant's affidavit accompanying a motion to reopen] unless they are inherently unbelievable").

Thus, we grant the petition for review and remand to the BIA for proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**